IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

      v.                              Case No.:      1:21-cr-005 (RDA)

ROBERT S. STEWART, JR.,

## POSITION OF THE DEFENDANT
## WITH RESPECT TO SENTENCING FACTORS

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the  defendant, ROBERT

S. STEWART JR, comes now and submits the following:

**I.  Objections to Pre-sentence Investigative Report**

The defendant has reviewed the pre-sentence investigative report and does not object to any of the

facts or factors contained therein which may impact the calculation of the advisory guideline range.

**II.  Sentencing Factors**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp.

2004), but is permitted to tailor the sentence in light of other statutory concerns as well.  Specifically,

18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
>> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>> (2)    the need for the sentence imposed—
>>> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>> (B)    to afford adequate deterrence to criminal conduct;
>>> (C)    to protect the public from further crimes of the defendant; and
>>> (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>> (3)    the kinds of sentences available;
>> (4)    the kinds of sentence and the sentencing range established for—

(A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B)     in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5)     any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

[A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough*

*v. United States*, 128 S.Ct. 558, 569-70 (2007).

**A. Advisory Sentencing Guidelines**

This Honorable Court must consider the advisory sentencing guidelines. The defendant submits the appropriate guideline sentencing range is 21-27 months. For the reasons detailed below,

the defendant submits a probationary sentence with a special condition that the defendant serve a period of home and/or intermittent confinement would be sufficient but not greater than necessary.

**B.  § 3553(a) Sentencing Factors**

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a).  In light of the history and characteristics of the defendant, need for deterrence, and the available sentencing options a sentence of probation with a special condition that the defendant serve a period of home and/or intermittent confinement would be sufficient but not greater than necessary.

**1.  History and Characteristics of the Defendant**

The PSR details much of Mr. Stewart's background.  The defendant is a father of a minor child. He is currently enrolled in law school.  While pursuing his law degree the defendant provides emotional and financial support for his son.  They have a close relationship notwithstanding his estrangement from the child's mother.  As described in his letter to the Court, and those attached from friends and supporters, he is an active father.  His involvement in his son's life is of paramount importance to Mr. Stewart.  In fashioning an appropriate sentence, Mr. Stewart prays that this Honorable remain mindful of his role in his son's life and impose a sentence that would least impact this important family relationship.





Mr. Stewart fully understands and appreciates the nature of his criminal conduct.  In particular, he recognizes the dishonor he brought to himself in relation to the false statements concerning his military service.  Nevertheless, these transgressions do not tell the complete story of his service to this country.  It is beyond debate that he faithfully served in the military.  And in doing so, Mr. Stewart's contributions and accomplishments were duly noted.  He earned multiple service awards.  *See Attachment 1.*  Mr. Stewart concedes his crimes should not go unpunished.



However, he humbly requests that any sentence imposed accounts for the sacrifice he made in service to this country.

As noted above, since the commission of the offenses which bring him before this Honorable Court Mr. Stewart has begun his pursuit of a law degree. It is his intent to use his life experience, including the unfortunate circumstances surround the instant matter, to serve as an example that while anyone can make poor judgments such failures need not define who we are. It is noteworthy, that while confronting his past conduct Mr. Stewart has managed to perform admirably in law school. *See Attachment 2*. He is fully aware that the instant convictions while likely serve as another obstacle to his ultimate goal of being admitted to the bar. However, he remains undeterred. The sentence recommended by the defense would permit Mr. Stewart to continue on his productive pathway. It would afford him the opportunity to improve his life and serve as an example to others who stray from the law abiding path. Redemption is within the reach of all.

As the PSR rightfully notes, this defendant has fully satisfied all outstanding restitution. As this Court is all too familiar, this is extraordinary. In the vast majority of fraud prosecutions before their Court, it is rare such a defendant does so. More often than not financial victims are forced to wait years to ever obtain full compensation. The PSR also reflects the manner in which Mr. Stewart accomplished this feat. He was forced to liquidated assets intended for the support of his family and his future needs. In light of his felony conviction status and the speculative nature of any future earning potential it is noteworthy for this Court to acknowledge this fact.

The attached letters from supporters also provide further justification for a less serve sentence than recommended by the government, 24 months, or the advisory range, 21-27 months. The letters acknowledge Mr. Stewart's wrongdoings while still urging this Court to be mindful of his caring and loving nature. *Attachment 3.*

### 2. Need to Deter

The defendant submits there is no legitimate reason to believe any period of incarceration

would provide any further deterrence to him.  The defendant fully appreciates the consequences of his criminal conduct. Most importantly, he understands his criminal conduct exposed him to the possibility of a very lengthy period of incarceration. There is no evidence to support the need to impose a lengthy period of incarceration in order to deter him further.

### Need to Protect the Public

It is equally clear that due to his education, age at the time of the offense and offense of conviction there is no need to impose a period of incarceration in order to protect the public.

Available data all support the conclusion that given Mr. Stewart's (1) offense of conviction; (2) age; and (3) lack of criminal history all evidence the remote likelihood that Mr. Stewart would re-offend. https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdfhttps://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf



Mr. Stewart is a college graduate. According to the United States Sentencing Commission, hereinafter USSC, is by virtue of education in the lowest category for recidivism, 7.5%. *Id.*  His age at the time of sentencing supports the same conclusion.



Mr. Stewart stands convicted of fraud offenses.  According to the USSC the rate of recidivism for such offenders is only 13.6%. *Id.*



Mr. Stewart is a criminal history category I.     This places him among the lowest offenders likely to re-offend. *Id.*

### 3.  Kinds of Sentences

Mr. Stewart's offenses do not require a mandatory period of incarceration.  The law permits this Court to fashion an appropriate sentence in light of the advisory guideline range, and the 3553(a) factors.  Th guiding principle is a sentence "sufficient, but not greater than necessary."

A sentence within the advisory range or that recommended by the government would prevent Mr. Stewart from continuing his active involvement in his child's life.  It would also disturb his path to completion of law school.  And it would ignore all the positive contributions he has made to this country and others.

The sentence recommended by the defendant would also be consistent with many imposed in fraud related cases in this district it.  As *Attachment 4* indicates many such cases involve far more substantial losses to victims, higher advisory guideline ranges, and offenders with more serious criminal histories.

### III.    Conclusion

Wherefore, Mr. Stewart respectfully requests that this Honorable Court impose a probationary sentence.  As a special conditions the defendant submits a period of home confinement and/or intermittent commitment would be sufficient but not greater than necessary.

Respectfully submitted,
ROBERT S. STEWART, JR.,
By Counsel


_____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins Law
Virginia State Bar No.:  39161
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant ROBERT S. STEWART, JR.

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2021, I caused a true and accurate copy of the foregoing was not served on all counsel of record via ECF.

_____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant ROBERT S. STEWART, JR.